■ In the Matter of JONATHAN K. SMITH, Doing Business as SHINNECOCK SMOKE SHOP, Appellant, v ELIOT SPITZER, as Attorney General of the State of New York, Respondent. [814 NYS2d 338]—

Mercure, J.P. Appeal from a judgment of the Supreme Court (Clemente, J.), entered July 6, 2005 in Albany County, which, in a proceeding pursuant to CPLR article 78, dismissed the petition.

Petitioner claims membership in the Shinnecock Indian Nation and is the proprietor of the Shinnecock Smoke Shop, which is located on the Shinnecock Indian Reservation in the Town of Southampton, Suffolk County. Petitioner asserts that two of his credit card vendors refused to process his customers' credit card purchases after receiving letters from respondent stating that petitioner, along with certain other cigarette sellers, engaged in direct shipment of cigarettes to customers in violation of Public Health Law § 1399-*ll*. After respondent declined petitioner's request to "withdraw" any assertions made to his credit card vendors that he had violated New York law, petitioner commenced this CPLR article 78 proceeding seeking injunctive relief and a declaration that Public Health Law § 1399-*ll* is invalid as applied to him. Petitioner maintains that as a member of the Shinnecock Tribe, he enjoys a free trade guarantee pursuant to the 1664 Treaty of Fort Albany between certain Indians and the colony of New York, and that respondent violated this guarantee.

Supreme Court dismissed the petition in its entirety and petitioner now appeals. Because we conclude that petitioner lacks standing to bring this proceeding, we affirm.

To establish standing, a petitioner "must show 'injury in fact,' meaning that [petitioner] will actually be harmed by the challenged administrative action" and that the injury "fall[s] within the zone of interests or concerns sought to be promoted or protected by the statutory provision under which the agency has acted" (*New York State Assn. of Nurse Anesthetists v Novello*, 2 NY3d 207, 211 [2004]; *see Society of Plastics Indus. v County of Suffolk*, 77 NY2d 761, 772-773 [1991]). Here, it cannot be said that petitioner suffered an injury attributable to respondent's actions. In contacting petitioner's credit card companies, respondent recognized that credit card companies have long-standing policies prohibiting the use of their cards for illegal transactions and encouraged those vendors to stop processing transactions that are not in compliance with Public Health Law § 1399-*ll*. Respondent threatened no legal action against the credit card companies if they chose not to terminate their relationships with such vendors. Under these circumstances, the actions taken by the credit card companies represent nothing more than the companies' voluntary adherence to their own policies and procedures and, as such, cannot be ascribed to any administrative act performed by respondent. Inasmuch as any alleged injury to petitioner resulted from the independent actions of third parties, he fails to demonstrate that he was "actually . . . harmed by the challenged administrative action" and, thus, he cannot meet the first prong of the test for standing (*New York State Assn. of Nurse Anesthetists v Novello, supra* at 211).

Moreover, the treaty provision under which petitioner seeks to sue involves a free trade guarantee that is, if applicable here at all, reserved to the Shinnecock Tribe rather than to individual tribal members. The Tribe did not sue, however, and petitioner has not sued on behalf of the Tribe or shown that it has authorized this proceeding. Accordingly, he lacks standing to invoke on his own behalf any rights that the Tribe may have under the 1664 treaty (*see Canadian St. Regis Band of Mohawk Indians v State of New York*, 573 F Supp 1530, 1538 [ND NY 1983]; *see also United States v State of Oregon*, 787 F Supp 1557, 1566 [D Or 1992], *affd* 29 F3d 481 [9th Cir 1994], *cert denied sub nom. Confederated Tribes of Colville Reservation v Yakima Indian Nation*, 515 US 1102 [1995]; *cf. United States v Dion*, 476 US 734, 738 n 4 [1986]).

Petitioner's remaining arguments are either rendered aca-

demic by our decision or, upon review, have been found to be lacking in merit.

Peters, Spain, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.